UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWOND DONAHUE, *et al.* ) | |
| ) | |
| Plaintiffs, ) | Case No. 07 CV 4534 |
| vs. ) | |
| ) | HON. JUDGE GOTTSCHALL |
| COOK COUNTY, *et al.* ) | |
| ) | HON. MAGISTRATE JUDGE COLE |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR JUDGMENT
AGAINST CERTAIN PLAINTIFFS
PURSUANT TO *PAVEY* and THE PRISON LITIGATION REFORM ACT**

Individual defendant officers Rachelle Boone, Glen Dewlow, Richard Schallmo, Richard Mason, Darneal Price, David Gonzalez, Jr., Timothy Reed, Frank Navarro, Pedro Ornelas, Roberto Ornelas, Robert Buchanan, Mark Ziemkowski, Michael McGuire, Larry Aldersen, Hugh McCall, Darryl Acey, Victor Gary, Frank Hondras, and James Hickey ("Individual Defendants") and defendant Cook County Sheriff Thomas Dart ("Sheriff Dart")(Sheriff Dart and Individual Defendants collectively referenced as "Defendants"), by and through their attorneys Hinshaw & Culbertson LLP, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and the Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997(e)a, state as follows:

**I.     Introduction**

Defendants request that this Court enter judgment in favor of the Defendants and against Plaintiffs Jerome Fountain ("Fountain"), Darryl Johnson ("Johnson"), Bernard Rhone ("Rhone"), Jarrod Rodriguez ("Rodriguez"), Ramont Davis aka Kevin Curtis ("Davis") and Eddie Macon aka Eddie Adams ("Macon") on all federal claims in this matter. On September 12, 2008, in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Seventh Circuit set new procedures to

determine whether an inmate is prevented from proceeding with a lawsuit where the defense argues that the inmate failed to exhaust administrative remedies. Pursuant to *Pavey*, the Court, not a jury, is required to resolve all factual issues surrounding whether an inmate has exhausted administrative remedies before that inmate can proceed with the lawsuit. 544 F.3d at 741. *See also Chess v. Pindelski*, No. 07 C 5333, 2007 WL 174992, at * 1 (N.D.Ill. Jan. 23, 2009)(Judge Andersen).

All of the above Plaintiffs were incarcerated at the time that the complaint was filed and all of the above Plaintiffs failed to exhaust their administrative remedies at the Cook County Jail prior to filing the instant lawsuit. As Defendants have raised Plaintiffs' failure to exhaust as an affirmative defense, this Court should grant judgment in favor of Defendants and against Plaintiffs Fountain, Johnson, Rhone, Rodriguez, Davis and Macon on all federal counts.

## II. Argument

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before filing a Section 1983 lawsuit with respect to prison conditions. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Specifically, the PLRA states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). The PLRA applies to all inmate suits, whether they involve "general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. The United States Supreme Court has identified the benefits of the statutory exhaustion requirement to include allowing a correctional institution to address complaints before being subjected to a lawsuit, reducing litigation to the extent complaints are

2

satisfactory resolved, and improving litigation that does occur by leading to the preparation of a useful record. *Woodford*, 548 U.S. 81, 94-95 (2006). None of these principles can be achieved if inmates either fail to file grievances in the first place or fail to take advantage of the grievance appeals process.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91 (2006). Strict compliance with an institution's procedures is required in order for a prisoner to exhaust administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). An inmate must submit both complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to properly use the prison's grievance process, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unresolved. *Dole*, 438 F.3d at 809.

When determining whether the PLRA applies, the Court must look to the status of the prisoner at the time the prisoner brings the lawsuit. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). If a detainee is incarcerated at the time that the detainee files the lawsuit, then the PLRA applies, and that detainee must exhaust all available administrative remedies before the filing of the complaint. *Kerr,* 138 F.3d at 323.

### II (a): Plaintiff Jerome Fountain Failed to Properly Exhaust Administrative Remedies and Therefore Judgment Must Be Entered Against Him

Plaintiff Fountain was incarcerated at the Cook County Department of Corrections on the date that he filed the original federal complaint in this matter. Indeed, Plaintiff Fountain admits in his response to Defendants' Federal Rule of Evidence 36, Requests for Admission ("Rule

3

36"), that he was incarcerated on August 13, 2007, the date of the federal filing. (See Doc. 1 on the online docket for date of filing; See also Plaintiff Fountain's Response to Defendants' Requests for Admission attached hereto as Exhibit "A").

Although he was incarcerated at the time that the complaint was filed, Plaintiff Fountain failed to properly exhaust his administrative remedies at the Cook County Jail before filing his lawsuit. As the caselaw explains, the detainee must exhaust all administrative opportunities before filing a lawsuit in federal court. *Woodford*, 548 U.S. at 90-91. According to the Rules and Regulations for Detainees, the detainee has the option of appealing a grievance determination. (See Exhibit "B", Rules and Regulations for Detainees, page 4). Although the Cook County Department of Corrections records reflect that Plaintiff Fountain filed a detainee grievance, he failed to appeal his grievance, and thus foreclosed the possibility of pursuing legal action on that matter in federal court. The Director of Program Services, whose responsibility it is to maintain inmate grievances and appeals, determined that Plaintiff Fountain filed a grievance regarding this incident but did not appeal that grievance. (See Affidavit of the Supervisor of Program Services and Plaintiff Fountain's grievance attached hereto as Exhibit "C"). Since the Rules and Regulations for Detainees require appeals to be filed within 14 days of the receipt of the grievance response, Plaintiff Fountain's opportunity to exhaust his administrative remedies with regard to this matter has passed. Because Plaintiff Fountain did not follow the Cook County Department of Corrections grievance procedure completely and because substantial compliance is not available, this Court should dismiss Plaintiff Fountain's federal claims from the Complaint.

### II (b): Plaintiff Darryl Johnson Failed to Properly Exhaust Administrative Remedies and Therefore Judgment Must Be Entered Against Him

Plaintiff Darryl Johnson was incarcerated at the Cook County Department of Corrections on the date that he filed the complaint in this matter. Indeed, Plaintiff Johnson admits in his Rule 36 response that he was incarcerated on August 13, 2007, the date that the complaint was filed. (See Plaintiff Johnson's Response to Defendants' Requests for Admission attached hereto as Exhibit "D").

Although he was incarcerated at the time of filing, Plaintiff Johnson failed to first properly exhaust his administrative remedies at the Cook County Jail before filing the instant lawsuit. As the caselaw explains, the detainee must exhaust all administrative opportunities before filing a lawsuit in federal court. *Woodford*, 548 U.S. at 90-91. According to the Rules and Regulations for Detainees, a detainee has the option of filing a grievance for alleged violations of civil, constitutional or statutory rights, as well as for alleged criminal or prohibited acts by staff. (See Exhibit "B", Rules and Regulations for Detainees, page 4). The Director of Program Services, whose responsibility it is to maintain inmate grievances and appeals, determined that Plaintiff Johnson did not file a grievance between August 16, 2006 and December 16, 2006. (See Affidavit of the Supervisor of Program Services, attached hereto as Exhibit "C"). Since the Rules and Regulations for Detainees allow detainees the option of an administrative remedy, and Plaintiff Johnson failed to take advantage of that opportunity, he effectively precluded himself from pursuing the federal claims in the instant action. Because Plaintiff Johnson did not follow the Cook County Department of Corrections grievance procedure and did not exhaust his administrative remedies, this Court should dismiss Darryl Johnson's federal claims from the Complaint.

6425517v1 51151

### II (c): Plaintiff Bernard Rhone Failed to Properly Exhaust Administrative Remedies and Therefore Judgment Must Be Entered Against Him

Plaintiff Rhone was incarcerated at the Cook County Department of Corrections on the date that the complaint was filed in this matter. Indeed, Plaintiff Rhone admits in his Rule 36 response that he was incarcerated on August 13, 2007, the date of the filing. (See Plaintiff Rhone's Response to Defendants' Requests for Admission attached hereto as Exhibit "E").

Although he was incarcerated at the time that the complaint was filed, Plaintiff Rhone failed to first properly exhaust his administrative remedies at the Cook County Jail prior to filing the instant lawsuit. As the caselaw explains, the detainee must exhaust all administrative opportunities before filing a lawsuit in federal court. *Woodford*, 548 U.S. at 90-91. According to the Rules and Regulations for Detainees, the detainee has the option of appealing a grievance determination. (See Exhibit "B", Rules and Regulations for Detainees, page 4). Although the Cook County Department of Corrections found that Plaintiff Rhone filed a detainee grievance, he failed to appeal his grievance, and thus foreclosed the possibility of pursuing legal action on that matter in federal court. (See Affidavit of the Supervisor of Program Services, attached hereto as Exhibit "C"). The Director of Program Services, whose responsibility it is to maintain inmate grievances and appeals, determined that Plaintiff Rhone filed a grievance regarding this incident but did not appeal that grievance. (See Exhibit "C" for the Affidavit and a copy of Plaintiff Rhone's grievance). Since the Rules and Regulations for Detainees require appeals to be filed within 14 days of the receipt of the grievance response, Plaintiff Rhone's opportunity to exhaust his administrative remedies with regard to this matter has passed. Because Plaintiff Rhone did not follow the Cook County Department of Corrections grievance procedure completely and because substantial compliance is not available, this Court should dismiss Plaintiff Rhone's federal claims from the Complaint.

6425517v1 51151

### II (d): Plaintiff Jarrod Rodriguez Failed to Properly Exhaust Administrative Remedies and Therefore Judgment Must Be Entered Against Him

Plaintiff Jarrod Rodriguez was incarcerated at the Cook County Department of Corrections on the date that the lawsuit was filed. Indeed, Plaintiff Rodriguez admits in his Rule 36 response that he was incarcerated on August 13, 2007, the date of the federal filing. (See Plaintiff Rodriguez's Response to Defendants' Requests for Admission attached hereto as Exhibit "F").

Although he was incarcerated at the time of filing, Plaintiff Rodriguez failed to first properly exhaust his administrative remedies at the Cook County Jail before filing the instant lawsuit. As the caselaw explains, the detainee must exhaust all administrative opportunities before filing a lawsuit in federal court. *Woodford*, 548 U.S. at 90-91. According to the Rules and Regulations for Detainees, a detainee has the option of filing a grievance for alleged violations of civil, constitutional or statutory rights, as well as for alleged criminal or prohibited acts by staff. (See Exhibit "B", Rules and Regulations for Detainees, page 4). The Director of Program Services, whose responsibility it is to maintain inmate grievances and appeals, determined that Plaintiff Rodriguez did not file a grievance between August 16, 2006 and December 16, 2006. (See Affidavit of the Supervisor of Program Services, attached hereto as Exhibit "C"). Since the Rules and Regulations for Detainees allow detainees the option of an administrative remedy, and Plaintiff Rodriguez failed to take advantage of that opportunity, he effectively precluded himself from pursuing the instant action. Because Plaintiff Rodriguez did not follow the Cook County Department of Corrections grievance procedure and did not exhaust his administrative remedies, this Court should dismiss Plaintiff Jarrod Rodriguez's federal claims from the Complaint.

### II (e): Plaintiff Raymont Davis Failed to Properly Exhaust Administrative Remedies and Therefore Judgment Must Be Entered Against Him

Plaintiff Raymont Davis was incarcerated at the Cook County Department of Corrections on the date that the complaint was filed in this matter. Indeed, Plaintiff Davis admits in his Rule 36 response that he was incarcerated on August 13, 2007, the date of the federal filing. (See Plaintiff Davis's Response to Defendants' Requests for Admission attached hereto as Exhibit "G").

Although he was incarcerated at the time of the filing, Plaintiff Davis failed to properly exhaust his administrative remedies at the Cook County Jail before filing the instant lawsuit. As the caselaw explains, the detainee must exhaust all administrative opportunities before filing a lawsuit in federal court. *Woodford*, 548 U.S. at 90-91. According to the Rules and Regulations for Detainees, a detainee has the option of filing a grievance for alleged violations of civil, constitutional or statutory rights, as well as for alleged criminal or prohibited acts by staff. (See Exhibit "B", Rules and Regulations for Detainees, page 4). The Director of Program Services, whose responsibility it is to maintain inmate grievances and appeals, determined that Plaintiff Davis did not file a grievance between August 16, 2006 and December 16, 2006. (See Affidavit of the Supervisor of Program Services, attached hereto as Exhibit "C"). Since the Rules and Regulations for Detainees allow detainees the option of an administrative remedy, and Plaintiff Davis failed to take advantage of that opportunity, he effectively precluded himself from pursuing the instant action. Because Plaintiff Davis did not follow the Cook County Department of Corrections grievance procedure and did not exhaust his administrative remedies, this Court should dismiss Plaintiff Raymont Davis's federal claims from the Complaint.

6425517v1 51151

### II (f): Plaintiff Eddie Macon Failed to Properly Exhaust Administrative Remedies and Therefore Judgment Must Be Entered Against Him

Plaintiff Eddie Macon was incarcerated at the Cook County Department of Corrections on the date that the complaint was filed in this matter. Indeed, Plaintiff Macon admits in his Rule 36 response that he was incarcerated on August 13, 2007, the date that the complaint was filed. (See Plaintiff Macon's Response to Defendants' Requests for Admission attached hereto as Exhibit "H").

Although he was incarcerated at the time of the filing, Plaintiff Macon failed to first properly exhaust his administrative remedies at the Cook County Jail before filing the instant lawsuit. According to the Rules and Regulations for Detainees, a detainee has the option of filing a grievance for alleged violations of civil, constitutional or statutory rights, as well as for alleged criminal or prohibited acts by staff, and has the option of appealing that grievance. (See Exhibit "B", Rules and Regulations for Detainees, page 4). As the caselaw explains, the detainee must exhaust all administrative opportunities before filing a lawsuit in federal court. *Woodford*, 548 U.S. at 90-91.

The Director of Program Services, whose responsibility it is to maintain inmate grievances and appeals, determined that Plaintiff Macon filed a grievance between August 16, 2006 and December 16, 2006 but did not appeal that grievance. (See Affidavit of the Supervisor of Program Services, attached hereto as Exhibit "C" as well as Macon's grievance also contained in Exhibit "C"). Since the Rules and Regulations for Detainees allow detainees the option of appealing the grievance to pursue administrative remedies and Plaintiff Macon failed to take advantage of that opportunity, he effectively precluded himself from pursuing the instant action. Because Plaintiff Davis did not follow the Cook County Department of Corrections grievance

procedure and did not exhaust his administrative remedies, this Court should dismiss Plaintiff Eddie Macon's federal claims from the Complaint.

WHEREFORE, Individual defendant officers Rachelle Boone, Glen Dewlow, Richard Schallmo, Richard Mason, Darneal Price, David Gonzalez, Jr., Timothy Reed, Frank Navarro, Pedro Ornelas, Roberto Ornelas, Robert Buchanan, Mark Ziemkowski, Michael McGuire, Larry Aldersen, Hugh McCall, Darryl Acey, Victor Gary, Frank Hondras, and James Hickey and defendant Cook County Sheriff Thomas Dart respectfully request that this honorable Court enter Judgement on their behalf and against Plaintiffs Jerome Fountain, Darryl Johnson, Bernard Rhone, Jarrod Rodriguez, Raymont Davis and Eddie Macon and for all other relief as this Court deems proper and just.

Respectfully submitted:

/s/ V. Brette Bensinger_____
One of the attorneys for Defendants

Matthew P. Walsh, II
Robert T. Shannon
James M. Lydon
V. Brette Bensinger
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601 / Phone No.: 312-704-3000

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney certify that I electronically filed this Agreed Motion through the Court's ECM/CF system which will send notification of such filing(s) to counsel of record as noted above.
Dated: March 19, 2009

/S/V. BRETTE BENSINGER_____

10

6425517v1 51151

6425517v1 51151